Daniel, J.
 

 The plaintiff is the assignee of a judgment for ,$666 60, obtained in Granville County Court, at May Term, 1838, by William D. Williams, against Alexander Nuttall, Charles Nuttall, and James Nuttall. The plaintiff states in his bill, that executions have been issued on the said judgment to Granville and Warren counties, and that the sheriffs returned the same
 
 nulla bona.
 
 He states that Emily Nuttall, the wife of James Nuttall, obtained a decree in Equity by fraud against her husband for the sum of $1,500; that she issued execution on the same, and has sold and raised out of the property of her husband the sum of $782. The bill further stages, that James Nuttall had made a deed of trust of his property to secure. William Robards and other creditors — that the debt to Robards was not satisfied — that the plaintiff paid '$400 to Robards, and took an assignment from him of all his interest in the said deed in trust — that James Nuttall ran off the negroes, and wasted and destroyed all the other property covered by the deed in trust. The bill prays, that the sheriff be directed to pay the $782 into the clerk’s office, and that the defendant Emily be enjoined from proceeding against the sheriff, and that the same money may,, on the hearing of this cause, be decreed to the plaintiff in part satisfaction of his claims against James Nuttall. ■ James Nuttall and his wife Emily have answered the bill. They admit the judgment mentioned in the bill, and that the plaintiff is the assignee of the same ; but they deny that the plaintiff paid Robards $400, or any other sum to remove the deed in trust on the property of James Nutt-all. These defendants say that the debts secured by the said
 
 *267
 
 deed in trust have been satisfied by the sale of the property conveyed therein. The defendant James says, that he lieves that the execution issued on the plaintiff’s judgment, returnable to August sessions, 1839, was returned “satis-fiedThe defendants do not admit that the plaintiff has any claim, either under the" deed in trust or the said judgment. They deny that the decree obtained-by the said Emily against her husband was fraudulent as to his creditors ; but they state that it was for a debt justly due to the said Emily under the following circumstances: The said Emily had been a tenant in common with others in a tract of land ; and, for the purpose of division, the land was sold under a decree of a Court of Equity; her part of the money arising from the sale had not been secured to her, as in law it should have been; "but the same had been delivered to her husband, without any privy examination on her part, and he had made use of it; and for this money, which in law is considered as her land, she obtained against her husband the said decree, which is alleged by the plaintiff to be fraudulent as to her husband’s creditors. There was a replication to the answer.
 

 There is no proof in the cause that the plaintiff purchased from Robards any interest in the deed in 'trust, or received from him any assignment of interest under the said deed. As to the other point in the cause, viz: whether the decree obtained by Emily against her husband was fraudulent or not as to the creditors of her husband, we think it unnecessary now to enter into the examination of it. Because it appears in evidence, that a
 
 fi. fia.
 
 issued on the plaintiff’s judgment returnable to November Sessions, 1838, of Gran-ville County Court, and the sheriff returned on the same, that he had “levied on 1375acres of land and ten slaves,as the property of Alexander Nuttall, and too late to make the money.” Whereupon a
 
 venditioni exponas
 
 with a
 
 fi.fia.
 
 clause, issued returnable to February Sessions, 1839, and was returned “stayed by the plaintiff.” A
 
 venditioni expo-nas
 
 issued to May Sessions, 1839, and was returned “ stayed by the order of the plaintiff.” A
 
 venditioni exponas,
 
 with
 
 & fi.fia.
 
 clause issued to August Sessions, 1839, directed to
 
 *268
 
 the-sheriff of Granville, and a
 
 fi. fa.
 
 to the sheriff of War-
 
 7 v J
 
 The execution issued to Granville was returned “stayed by the plaintiff.” That to Warren was returned “ nothing to be found.” In England a
 
 venditioni exponas
 
 w-ith a
 
 fi.fa.
 
 clause ordinarily does not issue, but in cases where the property taken under ¡the original execution has been appraised at a valueless than the debt in the execution. Arch. Forms 165. Bin glia pi on executions, 263. In this State,-the sheriff never causes property levied on by him under
 
 a fi.fa.
 
 to be appraised. Therefore here a plaintiff may issue a
 
 venditioni exponas
 
 with a
 
 fi.fa
 
 clause, in all cases where the property levied on -remains to be sold. But the sheriff cannot seize any property under the
 
 fi.fa.
 
 attached to the venditioni, until he has sold the property specified in the
 
 venditioni. Allemong
 
 &
 
 Loche v Allison
 
 & Kelly, 1 Hawks 325. The plaintiff, on his* execution to Granville, where the judgment was obtained; had seized property apparently sufficient to make his debt. He has prevented the sheriff from selling the same. Where was the necessity of his issuing a
 
 fi.fa.
 
 to Warren
 
 %
 
 The return of
 
 nulla bona
 
 on that execution, under all the circumstances in this case, did not bring him within the rule laid down in
 
 McKay
 
 v Williams, 1 Dev. & Bat. Eq. 398, and in many other cases, that, before a judgment creditor can invoke the aid of a Court of Equity, he must shew that he cannot get satisfaction of his debt at law.
 

 ' The bill is dismissed with costs, but without prejudice to the plaintiff’s preferring another bill, should he be unable to get satisfaction of his debt at law.
 

 Per Curiam, Bill dismissed without prejudice.